Sara Ehsani-Nia (SBN 326501)
sara.ehsaninia@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: 310.203.4000 | Facsimile: 310.229.1285

Kimberly A. Jones (*pro hac vice*)
kimberly.jones@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street, Suite 3300
Chicago, Illinois 60606-5707
Telephone:  312.569.1000 | Facsimile: 312.569.3000

Emily A. Kile-Maxwell (*pro hac vice*)
emily.kilemaxwell@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:  317.237.0300 | Facsimile:  317.237.1000

Attorneys for Defendant
TETRA TECH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA YAGY, individually and as a representative of a class of participants and beneficiaries on behalf of the Tetra Tech, Inc. and Subsidiaries Retirement Plan, <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH, INC.; and DOES 1 to 10 inclusive, <br><br> Defendants. | Case No. 2:24-cv-01394-JFW-AS <br><br> Hon. John F. Walter, District Judge <br> Hon. Alka Sagar, Magistrate Judge <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Declaration of Kimberly A. Jones; and [Proposed] Order, filed concurrently herewith] <br><br> Date:     May 6, 2024 <br> Time:    1:30 P.M. <br> Ctrm.:   7A <br><br> Complaint Filed: February 22, 2024 |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION

CASE NO. 2:24-CV-01394-JFW-AS

1  **TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE**

2  **COUNSEL OF RECORD:**

3  **PLEASE TAKE NOTICE** that on May 6, 2024, at 1:30 p.m., or as soon

4  thereafter as the matter may be heard, in Department 7A of the above-captioned

5  court, located at 350 West 1st Street, Los Angeles, California 90012, defendant Tetra

6  Tech, Inc. ("Tetra Tech" or "Defendant") will, and hereby does, move for an order

7  requiring Plaintiff to arbitrate each of her claims on an individual basis and staying

8  the above-captioned action pending completion of arbitration, pursuant to the Federal

9  Arbitration Act, 9 U.S.C. § 1 *et seq.* This Motion is made upon the grounds that each

10  of Plaintiff's claims is subject to binding arbitration pursuant to the terms of the Tetra

11  Tech, Inc. and Subsidiaries Retirement Plan. This Motion is based upon (i) this

12  Notice of Motion and Motion; (ii) the Memorandum of Points and Authorities

13  attached hereto; (iii); the concurrently filed Declaration of Kimberly A. Jones and all

14  exhibits thereto; (iv) all other pleadings and papers on file with the Court in this

15  matter; and (v) such further evidence and argument as the Court may permit.

16  This Motion is made following the conference of counsel pursuant to L.R. 7-

17  3, which took place on or around March 18, 2024. Plaintiff did not consent to the

18  relief sought.

19  <u>**RELIEF SOUGHT**</u>

20  Defendant seeks an order (i) compelling Plaintiff to arbitrate her claims in

21  accordance with the Tetra Tech, Inc. and Subsidiaries Retirement Plan Document;

22  and (ii) staying this action while the parties pursue arbitration.

23

24

25

26

27

28

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION

- 2 -

CASE NO. 2:24-CV-01394-JFW-AS

1

Dated: April 5, 2024                    FAEGRE DRINKER BIDDLE & REATH LLP

2

3                                       By: */s/ Sara Ehsani-Nia*

4                                            Sara Ehsani-Nia
                                             Kimberly A. Jones (*pro hac vice*)
                                             Emily A. Kile-Maxwell (*pro hac vice*)

5

6                                       Attorneys for Defendant
                                        TETRA TECH, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.    INTRODUCTION ............................................................................... 1

4   II.   BACKGROUND ................................................................................. 2

5         A.    The Parties and the Plaintiffs' Claims. ............................... 2

6         B.    Relevant Plan Terms. .......................................................... 2

7   III.  ARGUMENT ...................................................................................... 4

8         A.    Plaintiff Must Pursue Her Claims In Arbitration. .............. 4

9               1.    The FAA Requires Enforcement of the Plan's Arbitration
10                    Clause ......................................................................... 4

11              2.    The Parties Have a Valid Agreement To Arbitrate. ............... 5

12              3.    Plaintiff's Claims Are Within the Scope of the Parties'
                      Agreement To Arbitrate ............................................. 6

13        B.    Plaintiff Must Arbitrate on an Individual Basis. ................. 6

14        C.    The Court Should Stay the Case Pending Arbitration. ............. 14

15  IV.   CONCLUSION .............................................................................. 14

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases¶**                                                    **Page(s)**

*Am. Exp. Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) ................................................................. 4, 5, 9

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ................................................................. 4, 9, 14

*Avecilla v. Live Nation Entm't, Inc.*,
2023 WL 5354401 (C.D. Cal. Aug. 7, 2023) ............................... *passim*

*Black & Decker Disability Plan v. Nord*,
538 U.S. 822 (2003) ........................................................................ 5

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) ........................................................ 4

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ........................................................ 4

*Coan v. Kaufman*,
457 F.3d 250 (2d Cir. 2006) ......................................................... 10

*Coomer v. Bethesda Hosp., Inc.*,
370 F.3d 499 (6th Cir. 2004) .......................................................... 5

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995) ......................................................................... 5

*Dean Witter Reynolds Inc. v. Byrd*,
470 U.S. 213 (1985) ........................................................................ 4

*DIRECTV, Inc. v. Imburgia*,
577 U.S. 47 (2015) ......................................................................... 9

*Dorman v. Charles Schwab Corp. ("Dorman II")*,
780 F. App'x 510 (9th Cir. 2019)............................................... *passim*

*Dorman v. Charles Schwab Corp. ("Dorman I")*,
934 F.3d 1107 (9th Cir 2019) ...................................................... 5, 6

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) .............................................................. 9, 10, 13

*Holmes v. Baptist Health S. Fla., Inc.*,
    2022 WL 180638 (S.D. Fla. Jan. 20, 2022)..................................................12, 13

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
    555 U.S. 285 (2009) ................................................................................5

*Lamps Plus, Inc. v. Varela*,
    587 U.S. 176 (2019) .............................................................................9, 13

*LaRue v. DeWolff, Boberg & Assocs., Inc.*,
    552 U.S. 248 (2008) ............................................................................11, 13

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ....................................................................................4

*Rent-A-Center, W., Inc. v. Jackson*,
    561 U.S. 63 (2010) ...................................................................................4

*Robertson v. Argent Tr. Co.*,
    2022 WL 2967710 (D. Ariz. July 27, 2022) ................................10, 11, 12, 13

*Smith v. Bd. of Dirs. of Triad Manufacturing, Inc.*,
    13 F.4th 613 (7th Cir. 2021)...........................................................8, 10, 11, 12

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010) .............................................................................9, 14

*US Airways, Inc. v. McCutchen*,
    569 U.S. 88 (2013) ...................................................................................6

*Wagner v. Stratton Oakmont, Inc.*,
    83 F.3d 1046 (9th Cir. 1996)....................................................................14

**Statutes, Rules & Regulations**

9 U.S.C. § 3.........................................................................................1, 14

9 U.S.C. § 4............................................................................................4

ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1)................................................1

ERISA § 404, 29 U.S.C. § 1104..................................................................1

ERISA § 406, 29 U.S.C. § 1106..................................................................1

ERISA § 409, 29 U.S.C. § 1109..............................................................*passim*

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION          - iii -          CASE NO. 2:24-CV-01394-JFW-AS

ERISA § 502(a), 29 U.S.C. § 1132(a) ........................................................................ 2

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ............................................. 3, 7, 10, 11

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION          - iv -          CASE NO. 2:24-CV-01394-JFW-AS

# I.    __INTRODUCTION__

Plaintiff Tamara Yagy is a former participant in the Tetra Tech, Inc. and Subsidiaries Retirement Plan ("Plan"), an ERISA-governed, defined contribution, individual account retirement plan sponsored by Tetra Tech. She brings claims for breach of fiduciary duty under ERISA § 404; for violation of ERISA's anti-inurement provision under ERISA § 403(c)(1); and for prohibited transactions in violation of ERISA § 406, alleging that Plan fiduciaries improperly managed Plan assets. The Plan document, however, requires Yagy to pursue her claims in individual arbitration, not federal court, as this Court just held in *Avecilla v. Live Nation Entm't, Inc.*, 2023 WL 5354401, at *5 (C.D. Cal. Aug. 7, 2023), analyzing *identical* plan language and relying on Ninth Circuit authority enforcing similar language. *See Dorman v. Charles Schwab Corp.* ("*Dorman II*"), 780 F. App'x 510, 513 (9th Cir. 2019).

Just as in *Avecilla*, the Plan document requires Yagy to pursue all claims under the Plan—including the precise claims she has brought here—through arbitration. And just as in *Avecilla*, the Plan here requires that Yagy do so in an *individual* capacity, not on behalf of a putative class, and not in a "collective" or "representative" capacity seeking to remedy monetary injuries other than those to her individual Plan account. Judge Anderson ordered the *Avecilla* plaintiffs to arbitrate their claims on an individual basis in accordance with the plan's plain language (following the Ninth Circuit's decision in *Dorman II*), and the Court should do the same here.

Tetra Tech respectfully requests that the Court compel Yagy to arbitrate her claims on an individual basis, in accordance with the Plan's plain language, and stay this case in the meantime pursuant to 9 U.S.C. § 3.

Faegre Drinker Biddle &
Reath LLP
Attorneys at Law
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 1 -                Case No. 2:24-CV-01394-JFW-AS

## II.   BACKGROUND

### A.   The Parties and the Plaintiffs' Claims.

Tetra Tech is a global provider of consulting and engineering services, which sponsors the Plan. ECF 1 ("Compl."), ¶¶ 4, 5; *see also* Jones Decl. Ex. 1 at 5. Plaintiff Tamara Yagy is a former Tetra Tech employee and former participant in the Plan. Compl. ¶ 7.[1] Her Complaint alleges that Plan fiduciaries violated ERISA in managing the Plan's assets because the Plan allocated forfeited funds (*i.e.*, Tetra Tech's contributions to the Plan accounts of participants who terminate their employment with Tetra Tech before those contributions are vested) to reduce Tetra Tech's future contributions to the Plan instead of applying them to Plan expenses. *Id.* ¶¶ 30-31, 38, 44, 49, 54. She brings her claims expressly pursuant to ERISA and alleges that the Plan's allocation of forfeitures diminished the value of her account in the Plan. *See, e.g.*, *id.* ¶¶ 29, 31, 35, 38, 42, 45, 47, 50.

### B.   Relevant Plan Terms.

The Plan requires that any "claim, dispute, or controversy or any kind asserted by a current or former participant … that arises out of, implicates, and/or relates to the Plan, including, without limitation," claims under ERISA § 502(a),[2] be "referred to and finally resolved by confidential binding arbitration." Jones Decl. Ex. 1, § 8.5(a). The Plan also contains a broad "Waiver of Class, Collective, and Representative Actions," providing that participants "waive[] the right to commence, be a party to, or be an actual or putative class member of any class, collective, or representative action arising out of or relating to the Plan" (referred to in the Plan as the "Class Action Waiver"). *Id.*, § 8.5(l)(5); *see also id.* § 8.5(l)(1). Section 8.5 of the Plan "is intended to make mandatory *individual* arbitration apply to the maximum extent permissible under ERISA." *Id.* § 8.5(m) (emphasis added). Participants like

---

[1] The Complaint alleges that Yagy participated in the Plan until August 2022, Compl. ¶ 7, which is incorrect. Yagy's counsel has since acknowledged that Yagy participated in the Plan until November 2022. Jones Decl. ¶ 4.
[2] 29 U.S.C. § 1132(a).

Yagy consent to the Plan's arbitration rules in exchange for "any rights, benefits, or entitlements provided under or pursuant to the Plan, and as a condition precedent to participation and continuing participation in the Plan." *Id.* § 8.5(a).

The Plan also explicitly limits the arbitrator to awarding monetary relief on an individual (not class or collective) basis. *Id.* § 8.5(l)(2). Specifically, the Plan provides that the arbitrator "shall have the authority to award monetary relief *solely* with respect to any alleged monetary losses in the individual Claimant's[3] individual defined contribution account under the Plan and may not award monetary relief to or for the benefit of any other participants or beneficiaries." *Id.* For claims brought under ERISA §§ 409[4] and 502(a)(2),[5] that means that participants "may obtain losses to the Plan measured by the alleged monetary losses to the individual Claimant's individual defined contribution account" and "waive[], forfeit[], and forever relinquish[] the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account." *Id.* § 8.5(l)(2).

The Plan likewise limits the arbitrator to awarding "equitable, injunctive, and non-monetary relief" on an individual (not class or collective) basis "to the fullest extent permitted by ERISA." *Id.* § 8.5(l)(3). But unlike the section of the Plan specifically addressing monetary relief, the Plan contemplates that an arbitrator *may* award equitable, injunctive, or non-monetary relief affecting more than the individual participant bringing the claim *as long as* the equitable, injunctive, or non-monetary relief is a form of relief that the participant "would be able to obtain on an individual basis" under ERISA. *Id.*

The Class Action Waiver is not severable from the rest of the Plan's arbitration rules. *Id.* § 8.5(m). But if "any other provision of [the] arbitration provision (aside from the Class Action waiver) is found impermissible or unenforceable, the

---

[3] There is no dispute that Yagy is a "Claimant" under the Plan. *See* Jones Decl. Ex. 1 § 8.5(a) defining "Claimant" to include any "current or former participant").
[4] 29 U.S.C. § 1109.
[5] 29 U.S.C. § 1132(a)(2).

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 3 -                CASE NO. 2:24-CV-01394-JFW-AS

1   arbitration process … is still required with the minimum change necessary to allow
2   the arbitration requirement to be permissible and/or enforceable." *Id.*

3     This Court has jurisdiction to decide the application and enforceability of the
4   Plan's arbitration rules. *Id.* § 8.5(n).

5   ## III. ARGUMENT

6     **A. Plaintiff Must Pursue Her Claims In Arbitration.**

7       **1. The FAA Requires Enforcement of the Plan's Arbitration**
8         **Clause.**

9     The Federal Arbitration Act represents Congress's "liberal [] policy favoring
10  arbitration" and the "fundamental principle that arbitration is a matter of contract."
11  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H.*
12  *Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) and *Rent-A-*
13  *Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Its "overarching purpose … is
14  to ensure the enforcement of arbitration agreements according to their terms so as
15  to facilitate streamlined proceedings." *Id.* at 344. And it accomplishes that purpose
16  by requiring courts to "'rigorously enforce' arbitration agreements according to
17  their terms," even for "claims that allege a violation of a federal statute." *Am. Exp.*
18  *Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter*
19  *Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)); *see also* 9 U.S.C. § 4 (requiring
20  courts to compel arbitration "in accordance with the terms of the agreement").

21    The Ninth Circuit faithfully applies this statutory command, holding that
22  courts must enforce arbitration agreements as written when there is (1) "a valid
23  agreement to arbitrate," and (2) "the agreement encompasses the dispute at issue."
24  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000);
25  *see also, e.g.*, *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Claims
26  alleging a violation of a federal statute are subject to this same general rule "absent
27  a 'contrary congressional command,'" and the Ninth Circuit has held that ERISA
28  contains none. *Dorman v. Charles Schwab Corp.* ("*Dorman II*"), 780 F. App'x 510,

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION - 4 - CASE NO. 2:24-CV-01394-JFW-AS

513 (9th Cir. 2019) (quoting *Italian Colors*, 570 U.S. at 233); *see also Dorman v. Charles Schwab Corp.* ("*Dorman I*"), 934 F.3d 1107, 1112 (9th Cir 2019). Indeed, as the Ninth Circuit has recognized, "every circuit to consider the question has held [that] ERISA contains no congressional command against arbitration" and that "an agreement to arbitrate ERISA claims is generally enforceable." *Dorman II*, 780 F. App'x at 513-14.

For the reasons stated below, the parties have a valid agreement to arbitrate; Yagy's claims are within its scope; and the Court should order her to arbitrate.

## 2.    The Parties Have a Valid Agreement To Arbitrate.

First, the parties have a valid agreement to arbitrate, and Tetra Tech does not understand Yagy to dispute this point. The Plan plainly requires that "[a]ny claim, dispute, or controversy of any kind asserted by a current or former participant … that arises out of, implicates, and/or relates to the Plan … be referred to and finally resolved by confidential binding arbitration." Jones Decl. Ex. 1 § 8.5(a). Yagy expressly pleads that she is a former participant in the Plan and bases her claims on her status as a Plan participant. Compl. ¶ 7 (alleging that Yagy "was a participant in the Tetra Tech Plan"); *id.* ¶ 25(c) (alleging that Yagy's claims are "typical of the claims of the class because [she] was a participant of the Plan during the class period"); *id.* ¶ 25(d) (alleging that Yagy is "adequate representative of the class because she was a participant of the plan during the class period").

ERISA is "built around reliance on the face of written plan documents," *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995), and employers sponsoring ERISA retirement plans have "'large leeway' … in the design of pension plans," *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 508 (6th Cir. 2004) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003)). Tetra Tech was free to set the terms of the Plan, and Yagy and this Court are bound to follow them. *See, e.g., Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 302 (2009) (ERISA's "plan documents rule" imposes a bright-line

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION

- 5 -

CASE NO. 2:24-CV-01394-JFW-AS

requirement to follow plan documents in distributing benefits"); *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) ("The plan, in short, is at the center of ERISA."). The Plan, of course, consented to its own terms. *See Dorman I*, 934 F.3d at 1110-11; *Dorman II*, 780 F. App'x at 514. And Yagy consented to them by continuing to participate in the Plan. *See* Jones Decl. Ex. 1 § 8.5(a) (providing that arbitration clause is "in consideration of any rights, benefits, or entitlements provided under or pursuant to the Plan, and as a condition precedent to participation and continuing participation in the Plan"); *Dorman II*, 780 F. App'x at 512-14 ("A plan participant agrees to be bound by a provision in the plan document when he participates in the plan while the provision is in effect."); *Avecilla v. Live Nation Entm't, Inc.*, 2023 WL 5354401, at *5 (C.D. Cal. Aug. 7, 2023).

### 3. Plaintiff's Claims Are Within the Scope of the Parties' Agreement To Arbitrate.

Second, Yagy's claims are within the scope of the parties' agreement to arbitrate (and, again, Tetra Tech does not understand Yagy to dispute this point). The Plan's arbitration rules apply to "**[a]ny** claim, dispute, or controversy **of any kind** asserted by a current or former participant … that **arises out of, implicates, and/or relates to the Plan**, including, without limitation … "claim[s] for **any ERISA statutory violation of any kind**." Jones Decl. Ex. 1 § 8.5(a) (emphasis added). Every count of Yagy's Complaint "arises out of, implicates, and/or relates to the Plan," because each one alleges that Plan fiduciaries violated ERISA in managing the Plan's assets. Compl. ¶¶ 32, 36, 44, 47-49, 53-54.

### B. Plaintiff Must Arbitrate on an Individual Basis.

Tetra Tech understands that Yagy disputes only the *form* of arbitration required under the Plan, and, specifically, the arbitrator's authority to award certain forms of relief (individual or Plan-wide).[6] For the reasons set forth below, the Plan

---

[6] This Court, not an arbitrator, has authority to determine the application and scope of the Plan's arbitration rules, including the Class Action Waiver. Jones Decl. Ex. 1 § 8.5(n).

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 6 -                CASE NO. 2:24-CV-01394-JFW-AS

requires Yagy to arbitrate on an individual basis, and the arbitrator is limited to awarding only those forms of relief that Yagy could obtain on an individual basis under ERISA. Because the Plan is a defined contribution, individual-account plan, that means that to the extent Yagy is entitled to monetary damages, the arbitrator may award only monetary damages representing any losses to Yagy's individual account, not those of other Plan participants, just as the Ninth Circuit held in *Dorman II*, 780 F. App'x at 514.

The Plan requires individual arbitration and, accordingly, individual relief. It says so in no fewer than **nine** places:

- "The Arbitrator's authority shall be limited to deciding the case submitted by the individual Claimant in the arbitration." Jones Decl. Ex. 1, § 8.5(j).

- "The Claimant and any actual or purported participant … may not bring a representative, class, or collective action on behalf of any others, including without limitation other Claimants, participants, or beneficiaries." *Id.* § 8.5(l)(1).

- "Any Claim in arbitration must be brought on an individual basis." *Id.*

- "[T]he Arbitrator and/or the AAA may not consolidate or join any claims without the express consent of all parties." *Id.*

- "The Arbitrator(s) shall have the authority to award monetary relief solely with respect to any alleged monetary losses in the individual Claimant's individual defined contribution account under the Plan and may not award monetary relief to or for the benefit of any other participants or beneficiaries." *Id.* § 8.5(l)(2).

- "With respect to any claim brought under ERISA § 502(a)(2) and/or ERISA § 409, a Claimant may obtain losses to the Plan measured by the alleged monetary losses to the individual Claimant's individual defined contribution account." *Id.*

- "The Claimant waives, forfeits, and forever relinquishes the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account." *Id.*

- "Every actual or purported participant … waives the right to commence, be a party to, or be an actual or putative class member of any class, collective, or representative action arising out of or relating to the Plan." *Id.* § 8.5(l)(5).

- "For avoidance of doubt, this Section 8.5 is intended to make mandatory individual arbitration apply to the maximum extent possible under ERISA … ." *Id.* § 8.5(m).

The Plan contains only one limited exception to its otherwise clear proscription on representative, class, or collective relief, which is that "[w]ith respect to equitable, injunctive, and non-monetary relief" **only**, to the extent ERISA requires allowing a participant "on an individual basis" to obtain such relief, the arbitrator is permitted to award it, notwithstanding the Class Action Waiver. *Id.* § 8.5(l)(3). In other words, an arbitrator may award "equitable, injunctive, and **non-monetary relief**" that may incidentally have plan-wide effects (such as removal of a plan fiduciary), as long as the participant is entitled to obtain that relief on an individual basis under ERISA. *See, e.g., Smith v. Bd. of Dirs. of Triad Manufacturing, Inc.*, 13 F.4th 613, 622-23 (7th Cir. 2021). This Court interpreted exactly the same language and concluded as such in *Avecilla*, 2023 WL 5354401, at *5; *id.* at *5 n.5; *see also* Jones Decl. Ex. 2 § 14.6 (copy of plan document at issue in *Avecilla*).[7]

The FAA requires the Court to enforce the Plan's arbitration rules according to their terms, including the Class Action Waiver and the Plan's limitation on the arbitrator's authority to award anything other than individual relief. The Supreme

---

[7] The **entirety** of the Plan's arbitration section here is substantively **identical** to the entire arbitration section at issue in *Avecilla*, with the exception of the applicable arbitration rules (AAA in Plan document, and New Era ADR in the *Avecilla* plan document). *Compare* Jones Decl. Ex. 1 § 8.5 *with* Jones Decl. Ex. 2 § 14.6.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 8 -                CASE NO. 2:24-CV-01394-JFW-AS

Court has repeatedly and unequivocally held that parties may "specify the rules that … govern their arbitrations," including "their intention to use individualized rather than class or collective action procedures." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018); *see also Concepcion*, 563 U.S. at 344 ("Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."); *Italian Colors*, 570 U.S. at 233; *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 53 (2015). "[T]his much the Arbitration Act seems to protect pretty absolutely." *Epic Sys.*, 584 U.S. at 506. And it is consistent with the general and longstanding rule that the FAA does not permit courts to compel parties to classwide arbitration absent their express consent to it. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 687 (2010); *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019).

Tetra Tech does not understand Yagy to dispute these foundational points of law. Instead, she claims that the Class Action Waiver is unenforceable under the "effective vindication" doctrine, which, under some circumstances, may invalidate arbitration agreements that operate as a "prospective waiver of a party's *right to pursue* statutory remedies." *Italian Colors*, 570 U.S. at 235 (emphasis in original); ECF 20 ¶ 3 (setting forth Yagy's position). But because Yagy can pursue any remedy in arbitration that ERISA allows her to pursue on an individual basis, and nothing in ERISA requires that she be allowed to pursue relief on a class-wide or Plan-wide basis, the Plan is entirely consistent with the effective vindication rule.

The effective vindication rule could apply, for example, to "a provision in an arbitration agreement forbidding the assertion of certain statutory rights." *Italian Colors*, 570 U.S. at 236. The Plan's Class Action Waiver does no such thing. A "class-action waiver merely limits arbitration to the two contracting parties," and "no more eliminates those parties' right to pursue their statutory remedi[es] than did federal law before its adoption of the class action for legal relief in 1938." *Id.* Consistent with that rule, courts that have invalidated arbitration clauses in ERISA

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION

- 9 -

CASE NO. 2:24-CV-01394-JFW-AS

plans have done so only where the arbitration clause purports to prevent a participant from seeking relief that ERISA entitles that participant to pursue. *See, e.g.*, *Smith*, 13 F.4th at 622 ("To reiterate, the problem with the plan's arbitration provision is its prohibition on *certain* plan-wide remedies, not plan-wide representation. It is not that the plan funnels its participants away from class actions." (emphasis added)).

Nothing in ERISA *requires* that Yagy be allowed to pursue class-wide or plan-wide monetary relief, as the Ninth Circuit recognized in *Dorman II*, 780 F. App'x at 514. Under ERISA § 502(a)(2),[8] Yagy may bring suit "for appropriate relief" under ERISA § 409,[9] which authorizes courts to penalize plan fiduciaries for "any losses to [a] plan resulting from" a breach of fiduciary duty and award "other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." Section 409 is silent on the scope of permissible relief under § 502(a)(2) (*i.e.*, individual or plan-wide) and certainly on whether a plan participant *must* be allowed to seek relief on a class-wide or plan-wide basis. *See, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006) ("ERISA does not specify the procedures that a plan participant must follow in order to bring suit on behalf of a benefit plan."). It merely "describes consequences to the errant fiduciary, not the right of the plan participant" under § 502(a)(2). *Robertson v. Argent Tr. Co.*, 2022 WL 2967710, at *10 (D. Ariz. July 27, 2022). The Court may not infer that ERISA mandates the availability of class or collective arbitration from its silence. *See Epic Sys.*, 584 U.S. at 1627 ("[T]he absence of any specific statutory discussion of arbitration or class actions is an important and telling clue that Congress has not displaced the Arbitration Act.").

Simply put, no authority "suggests that an ERISA § 502(a)(2) plaintiff has an unqualified right to bring a collective action to recoup all of a fiduciary's losses

---

[8] 29 U.S.C. § 1132(a)(2).
[9] 29 U.S.C. § 1109.

and gains at once." *Robertson*, 2022 WL 2967710, at *10 Indeed, precedent from the Supreme Court and the Ninth Circuit holds exactly the opposite. As the Supreme Court held in *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 261 (2008), "losses to the plan" in § 409 must be understood in the context of the particular plan at issue. For a defined contribution, individual-account plan like the Plan, "losses to the plan," and in particular monetary losses, are inherently individualized. *Id.* Therefore, in *Dorman II*, a case in which the effective vindication doctrine was expressly at issue,[10] the Ninth Circuit held that under *LaRue*, because a defined contribution individual-account plan participant's rights under ERISA § 502(a)(2) are "inherently individualized" and "for the plan losses in [their] own individual account[s]," a plan document requiring individual arbitration and prohibiting "class-wide and collective arbitration" must be enforced according to its terms. *Dorman II*, 780 F. App'x at 514.

Here, the Plan is consistent with the effective vindication rule, *LaRue*, and *Dorman II*. The Plan's arbitration clause limits an arbitrator to awarding "monetary relief solely with respect to any alleged monetary losses in the individual Claimant's individual defined contribution under the Plan" and provides that participants like Yagy "waive[], forfeit[], and forever relinquish[] the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account." Jones Decl. Ex. 1 § 8.5(l)(2). And to the extent Yagy seeks "equitable, injunctive, and non-monetary relief" that she must be permitted to seek under ERISA § 409, the Plan allows the arbitrator to award that relief. *Id.* § 8.5(l)(3). This is all ERISA requires. For example, in *Smith*, the Seventh Circuit invalidated an arbitration clause in an ERISA plan only because the arbitration clause purported to prohibit a participant from seeking removal of a plan

---

[10] *See* Reply Br. for Defs.-Appellees, *Dorman II*, No. 18-15281 (9th Cir. Feb. 4, 2019), 2019 WL 495878, at **25-28.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 11 -                CASE NO. 2:24-CV-01394-JFW-AS

fiduciary, which was relief that, in the Seventh Circuit's view, any *individual* participant could seek under ERISA § 409. 13 F.4th at 622-23.

This Court just held exactly that in *Avecilla*, which applied and affirmed *identical* arbitration language, followed *Dorman II*, and distinguished *Smith* on precisely this ground. 2023 WL 5354401, at *5. The District of Arizona did the same in *Robertson*, enforcing an ERISA plan's arbitration clause that, exactly like the Plan here and the plan in *Avecilla*, allowed participants to seek "equitable claims that go beyond benefitting the plaintiff's individual account" while simultaneously limiting monetary relief to "losses from their individual accounts." *Robertson*, 2022 WL 2967710, at *10; *see also, e.g.*, *Holmes v. Baptist Health S. Fla., Inc.*, 2022 WL 180638, at *3 (S.D. Fla. Jan. 20, 2022) (same). Those courts are in good company. Although the Supreme Court has had many opportunities to do so, even in the context of federal statutes that purport to entitle litigants to bring representative, class, and collective actions, it has *never* held a class arbitration waiver unenforceable under the effective vindication doctrine:

> What all these textual and contextual clues indicate, our precedents confirm. In many cases over many years, this Court has heard and rejected efforts to conjure conflicts between the Arbitration Act and other federal statutes. In fact, this Court has rejected *every* such effort to date (save one temporary exception since overruled), with statutes ranging from the Sherman and Clayton Acts to the Age Discrimination in Employment Act, the Credit Repair Organizations Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act. **Throughout, we have made clear that even a statute's express provision for collective legal actions does not necessarily mean that it precludes "individual attempts at conciliation" through arbitration.** And we've stressed that the absence of any specific statutory discussion of arbitration or

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                - 12 -                CASE NO. 2:24-CV-01394-JFW-AS

1   class actions is an important and telling clue that Congress has not
2   displaced the Arbitration Act. Given so much precedent pointing so
3   strongly in one direction, we do not see how we might faithfully turn the
4   other way here.

5   *Epic Sys.*, 584 U.S. at 516-17 (citations omitted) (emphasis added).

6        Exactly like the arbitration language at issue in *Avecilla*, *Robertson*, and
7   *Holmes*, the Plan lacks any "problematic language" that would prohibit Yagy from
8   seeking any relief that ERISA requires she be allowed to seek. Under *LaRue* and
9   *Dorman II*, ERISA requires only that she be permitted to seek relief representing
10  any monetary losses to her individual account, and to the extent ERISA requires
11  that she be allowed to seek "equitable, injunctive, and non-monetary relief" that
12  might have incidental class-wide or Plan-wide effects, the arbitrator is permitted to
13  award that relief. The Plan's arbitration rules do not run afoul of the effective
14  vindication doctrine and, under the FAA, must be enforced according to their terms.

15       Finally, to the extent Yagy contends that Section 8.5(l)(3) authorizes the
16  arbitrator to award plan-wide *monetary* relief in the event that the Class Action
17  Waiver is unenforceable (which it is not, for all of the reasons stated above), that
18  position cannot be squared with the language of Section 8.5(l)(3) or the Plan's
19  arbitration rules as a whole. First, Section 8.5(l)(3) is explicitly limited to the
20  arbitrator's authority to award "equitable, injunctive, and **non-monetary relief**."
21  Jones Decl. Ex. 1 § 8.5(l)(3) (emphasis added). Second, the Class Action Waiver is
22  not severable from the remainder of the Plan's arbitration rules. *Id.* § 8.5(m).
23  Instead, the Plan document explicitly provides that if the "Class Action Waiver is
24  found to be unenforceable, then any Claim shall be filed and adjudicated in [this
25  Court] and not in arbitration." *Id.* As the Supreme Court has repeatedly
26  admonished, courts may not compel class arbitration in the absence of express
27  consent to class arbitration, *see, e.g., Lamps Plus*, 587 U.S. at 189, and here, the

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO COMPEL ARBITRATION                    - 13 -            CASE NO. 2:24-cv-01394-JFW-AS

Plan expressly *did not consent* to class arbitration.[11] Therefore, in the unlikely event that this Court disagrees with *Dorman II* and *Avecilla* and finds the Class Action Waiver unenforceable, it may not compel class arbitration or any arbitration that would allow Yagy to seek monetary relief beyond the value of her individual account, and Yagy's Complaint must remain in this Court.

### C. The Court Should Stay the Case Pending Arbitration.

The FAA "requires a court to stay an action whenever the parties to the action have agreed in writing to submit their claims to arbitration." *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996); *see also* 9 U.S.C. § 3. Tetra Tech therefore respectfully requests that the Court stay this action while Yagy pursues her claims in arbitration.

### IV. CONCLUSION

Tetra Tech respectfully requests that the Court compel Yagy to arbitrate her claims on an individual basis in accordance with the Plan's plain language, and stay this action in the interim.

Dated: April 5, 2024                    FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Sara Ehsani-Nia*
Sara Ehsani-Nia
Kimberly A. Jones (*pro hac vice*)
Emily A. Kile-Maxwell (*pro hac vice*)

Attorneys for Defendant
TETRA TECH, INC.

US.363108456.

---

[11] The Supreme Court has also consistently recognized why parties like the Plan might not consent to class arbitration. *See, e.g.*, *Stolt-Nielsen*, 559 U.S. at 686 (noting that "the switch from bilateral to class arbitration sacrifices the principal advantage of arbitration—its informality—and makes the process slower, more costly, and more likely to generate procedural morass than final judgment"); *Concepcion*, 563 U.S. at 348-351 (noting that "[a]rbitration is poorly suited to the higher stakes of class litigation").