**HAYES PAWLENKO LLP**
Matthew B. Hayes (SBN 220639)
Kye D. Pawlenko (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Suite 2B
South Pasadena, CA 91030
Tel: (626) 808-4357
Fax: (626) 921-4932

Attorneys for Plaintiff
TAMARA YAGY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA YAGY, individually and as a representative of a class of participants and beneficiaries on behalf of the Tetra Tech, Inc. and Subsidiaries Retirement Plan,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TETRA TECH, INC.; and DOES 1 to 10 inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-01394-JFW-AS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:　May 20, 2024<br>Time:　1:30 p.m.<br>Courtroom:　7A |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

## INTRODUCTION

Plaintiff Tamara Yagy, in a representative capacity on behalf of the Tetra Tech, Inc. and Subsidiaries Retirement Plan ("Plan"), seeks restitution of the losses to the Plan caused by defendant Tetra Tech, Inc.'s alleged violations of the Employee Retirement Income Security Act ("ERISA").  Plaintiff does not dispute that, pursuant to the arbitration clause in the Plan, these claims must be arbitrated and cannot be brought as a class action.  Plaintiff argues only that the arbitration clause's additional restrictions on the statutory remedies available to her in arbitration fall within the "effective vindication exception" and cannot be enforced because they function as "a prospective waiver of a party's right to pursue statutory remedies."  *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 236 (2013).

Prior to Tetra Tech filing the instant motion, Plaintiff offered to stipulate to arbitration on the condition that Tetra Tech agree that Plaintiff may obtain in arbitration any statutory remedy that she could obtain in court on a non-class basis. Tetra Tech rejected Plaintiff's offer and stated its position that, pursuant to the Plan's arbitration clause, only remedies that benefit Plaintiff's individual retirement account alone are available to her in arbitration.  Tetra Tech asserts that Plaintiff is precluded from obtaining in arbitration any monetary relief that would benefit the Plan as a whole or any other participant's individual retirement account.

As this Court explained in *Avecilla v. Live Nation Entm't, Inc.*, 2023 WL 5354401, *4 (C.D. Cal. Aug. 7, 2023), language precluding an individual plan participant from obtaining in arbitration "plan-wide remedies available under ERISA" is "problematic."  This Court specifically acknowledged that "restitution of plan losses" is such a plan-wide remedy available to an individual plan participant under ERISA.  *Id.* at *5.  Here, Tetra Tech seeks to enforce a provision that limits Plaintiff to obtaining in arbitration losses to her individual account only.  Plaintiff respectfully requests that the Court compel arbitration but sever this "problematic language" so that all losses to the Plan may be recovered by Plaintiff.

1

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

## STATEMENT OF FACTS

Plaintiff is a former Plan participant who challenges Tetra Tech's decisions to use forfeited contributions already in the Plan to offset its own future debt obligations to the Plan rather than to pay the Plan's expenses. Compl. ¶¶ 16-17. Plaintiff alleges that these decisions harmed the Plan by decreasing Tetra Tech's contributions to the Plan that would have otherwise increased the assets in the Plan and by causing deductions to the Plan's individual accounts to cover Plan expenses. Compl. ¶ 22. Plaintiff states claims for breach of fiduciary duty, breach of ERISA's anti-inurement provision, and prohibited transactions. Compl. ¶¶ 28-56. Pursuant to ERISA §§ 502(a)(2) and (a)(3), Plaintiff seeks, among other things, restitution of all losses to the Plan resulting from each violation of ERISA, disgorgement of all assets and profits secured by Tetra Tech resulting from these ERISA violations, and removal of the Plan's fiduciaries. Compl. Prayer for Relief.

Plaintiff acknowledges that Sections 8.5(a) and 8.5(l)(1) of the Plan require arbitration of the ERISA claims asserted here and preclude the claims from being brought as a class action. Jones Decl., Exh. 1, §§ 8.5(a), 8.5(l)(1). Plaintiff's challenge is limited to Sections 8.5(l)(2) and 8.5(l)(3) of the Plan, which impermissibly restrict the statutory remedies available to Plaintiff in a non-class arbitration.

Section 8.5(l)(2) provides that a Claimant may only obtain "losses to the Plan measured by the alleged monetary losses to the individual Claimant's individual defined contribution account" and that a Claimant "waives, forfeits, and forever relinquishes the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account." *Id.*, § 8.5(l)(2). Section 8.5(l)(3) provides that "[w]ith respect to equitable, injunctive, and non-monetary relief that may be available under ERISA, to the fullest extent permitted by ERISA, the Arbitrator(s) must limit such relief solely to the individual Claimant." *Id.*, § 8.5(l)(3).

Prior to Tetra Tech filing the instant motion, counsel for Plaintiff communicated to counsel for Tetra Tech that Plaintiff would be agreeable to arbitrating the ERISA claims "not on a class basis" if Tetra Tech "would be agreeable to stipulating that the arbitrator's authority is *not* limited to awarding relief only to Plaintiff's individual account, and that the arbitrator has authority to award plan-wide relief to all accounts affected by the alleged ERISA violations." Declaration of Kye D. Pawlenko ¶ 2, Exh. 1. Counsel for Tetra Tech rejected Plaintiff's offer and stated that Tetra Tech would only agree "to individual arbitration consistent with the Plan's arbitration and class action waiver provision (i.e. limited to individual relief, to the extent any is available)." *Id.*

## ARGUMENT

### I. ERISA Authorizes a Participant to Recover "Any Losses to the Plan."

Section 502(a)(2) of ERISA provides that "[a] civil action may be brought … by a participant … for appropriate relief under section 1109 of this title …." 29 U.S.C. § 1132(a). Section 409 of ERISA, in turn, provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan *any losses to the plan* resulting from each such breach …." 29 U.S.C. § 1109(a) (emphasis added).

The plain language of ERISA Section 409(a) "does not limit restitution to the plaintiff's losses: it 'permit[s] recovery of all plan losses caused by a fiduciary breach.'" *Henry ex rel. BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 507 (3d Cir. 2023) (quoting *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 261 (2008)) (Thomas, J., concurring) (emphasis in original). *See also Harris ex rel. Suter Co., Inc. Emp. Stock Ownership Plan v. Paredes*, 2024 WL 774874, at *6 (N.D. Ill. Feb. 26, 2024) ("The Court agrees that the best reading of the statute is that it authorizes plan-wide monetary relief."); *Sweeney v. Nationwide Mut. Ins. Co.*, 2024 WL 1340262, at *3 (S.D. Ohio

Mar. 28, 2024) ("ERISA allows a participant who sues for breach of fiduciary duty to obtain plan-wide relief."); *Arnold v. Paredes*, 2024 WL 356751, at *10 (M.D. Tenn. Jan. 31, 2024) ("ERISA explicitly allows plaintiffs to seek plan-wide relief."); *Coleman v. Brozen*, 2023 WL 4498506, at *11 (N.D. Tex. July 12, 2023) (ERISA "§§ 502(a)(2) and 409(a) specifically entitles Plaintiffs to sue for the Plan-wide relief they seek."); *Lysengen ex rel. Morton Buildings, Inc. Leveraged Emp. Stock Ownership Plan v. Argent Tr. Co.*, 2023 WL 5158078, at *5 (C.D. Ill. Aug. 11, 2023) ("ERISA Section 502(a)(2) allows the Plaintiff to proceed in a representative capacity and pursue plan-wide relief").

Contrary to the plain language of the statute and this long line of caselaw, Tetra Tech argues that "ERISA requires only that [Plaintiff] be permitted to seek relief representing any monetary losses to her individual account …." Mem. 13. Tetra Tech incorrectly believes that its argument is supported by the Ninth Circuit's unpublished decision in *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019) ("*Dorman II*").[1]

*Dorman II* had no occasion to address whether ERISA requires that a plan participant be allowed to pursue plan-wide relief because the arbitration clause there did not preclude the recovery of any remedies and the lower court did not rely on the effective vindication exception. *See generally id.*; *see also Smith v. Bd. of Directors of Triad Mfg., Inc.*, 13 F.4th 613, 623 (7th Cir. 2021) (noting that "[t]he arbitration provision in" *Dorman II* "lacked the problematic language present here"); *Arnold*, 2024 WL 356751, at *9 (noting that "the Ninth Circuit did not address the effective vindication doctrine"). *Dorman II* merely held that because "a defined contribution plan participant *can* bring a § 502(a)(2) claim for the plan losses in her own individual account[,]" arbitration "on an individualized basis" is not inherently

---

[1] Ninth Circuit Rule 36-3(a) provides that "[u]npublished dispositions and orders of this Court are not precedent …."

4
**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

incompatible with ERISA. *Id.* at 514 (emphasis added). Indeed, in *Avecilla*, this Court found that the cases that struck down restrictions on the availability of plan-wide monetary relief "do not conflict with *Dorman II*." 2023 WL 5354401, at *4.

Tetra Tech also relies on *LaRue* for the proposition that "[f]or a defined contribution, individual-account plan like the Plan, 'losses to the plan,' and in particular monetary losses, are inherently individualized." Mem. 11. "But *LaRue's* holding that, in the defined contribution context, § 502(a)(2) <u>permits</u> individual claims, does not mean that all § 502(a)(2) claims <u>must</u> be individual." *Fernandez v. Franklin Res., Inc.*, 2018 WL 1697089, at *4 (N.D. Cal. Apr. 6, 2018) (emphasis in original). *LaRue* held only that such claims "can be either individual in nature or derivative." *Arnold*, 2024 WL 356751, at *4. "*LaRue* did not hold that *all* ERISA fiduciary duty claims brought concerning defined contribution plans are individual in nature." *Id.* (emphasis in original). "Rather, *LaRue* held that it is *possible* to bring either individual or derivative claims concerning defined contribution plans." *Id.* (emphasis in original).

Thus, "[a] plaintiff may still bring a § 502(a)(2) claim on behalf of a plan, even if the plan is a defined contribution plan." *Fernandez*, 2018 WL 1697089, at *4. Tetra Tech's argument to the contrary is meritless. *See Cedeno v. Argent Tr. Co.*, 2021 WL 5087898, at *4 (S.D.N.Y. Nov. 2, 2021) ("[T]he defendants' contention that ERISA does not confer a right to a plan-wide remedy for a participant in a defined contribution plan who claims that fiduciaries breached their duties to the plan is without merit.").

**II. The Limitation on the Recovery of All Plan Losses is Unenforceable.**

Section 8.5(l)(2) of the Plan impermissibly restricts Plaintiff to obtaining in arbitration "losses to the Plan measured by the alleged monetary losses to [Plaintiff's] individual defined contribution account" and precludes Plaintiff from recovering in arbitration "losses … to any individual Plan account other than [Plaintiff's] account." Jones Decl., Exh. 1, § 8.5(l)(2). Numerous courts, including

| | |
|---:|:---|
| 1 | the only circuit courts to have reached the issue, have found similar language to be |
| 2 | unenforceable under the effective vindication exception because it prohibits a |
| 3 | remedy that ERISA § 409(a) authorizes. |
| 4 |       For example, in *Harrison v. Envision Management Holding, Inc. Board of* |
| 5 | *Directors*, 59 F.4th 1090 (10th Cir. 2023), *cert. denied sub nom. Argent Tr. Co. v.* |
| 6 | *Harrison*, 144 S. Ct. 280 (2023), the arbitration provision limited the Claimant's |
| 7 | remedy in arbitration to "the alleged losses to the Claimant's individual Account |
| 8 | resulting from the alleged breach of fiduciary duty …." *Id.* at 1107.  The Tenth |
| 9 | Circuit held that the effective vindication exception applies because this language |
| 10 | "is written in a manner intended to foreclose" the "plan-wide relief" authorized by |
| 11 | ERISA § 409(a). *Id.* |
| 12 |       Similarly, in *Henry*, 72 F.4th 499 (3d Cir. 2023), the arbitration clause |
| 13 | prohibited a participant from seeking or recovering in arbitration "'any remedy |
| 14 | which has the purpose or effect of providing additional benefits or monetary or other |
| 15 | relief' to any third party." *Id.* at 507.  The Third Circuit held that this prohibition |
| 16 | "must give way to the statute" and "cannot be enforced" because ERISA § 409(a) |
| 17 | "authorizes a plan member to seek restitution of plan losses" and "[r]estitution of |
| 18 | 'all plan losses' would necessarily result in monetary relief to non-party plan |
| 19 | participants." *Id.*  *See also Smith*, 13 F.4th 613, 621 (7th Cir. 2021) (holding that |
| 20 | ERISA § 409(a) "cannot be reconciled" with an arbitration provision that precluded |
| 21 | "a participant from seeking or receiving relief that 'has the purpose or effect of |
| 22 | providing additional benefits or monetary or other relief to any Eligible Employee, |
| 23 | Participant or Beneficiary other than the Claimant.'"). |
| 24 |       This Court's decision in *Avecilla* is not to the contrary.  While the arbitration |
| 25 | clause there purported to preclude the recovery in arbitration of "monetary relief to |
| 26 | or for the benefit of any other participants or beneficiaries," it also authorized "any |
| 27 | relief under ERISA that the Claimant would be able to obtain on an individual |
| 28 | basis" in court.  2023 WL 5354401, at *5.  *Avecilla* relied on this latter provision to |

save the arbitration clause from the effective vindication exception insofar as it permitted "the arbitrator to award any relief that ERISA allows a plan participant to obtain on an 'individual basis' *and ERISA § 502(a)(2) allows an individual plan participant to obtain relief that would benefit the Plan* (i.e., removal of a fiduciary or *restitution of plan losses*)." *Id.* (emphasis added). "Thus," because this Court construed the latter provision to override the "problematic language" prohibiting plan-wide monetary relief, it concluded that the arbitration clause "does not preclude Plaintiffs from seeking relief authorized by ERISA." *Id.*

Tetra Tech relies on two district court cases: *Robertson v. Argent Trust Co.*, 2022 WL 2967710 (D. Ariz. July 27, 2022) and *Holmes v. Baptist Health South Florida, Inc.*, 2022 WL 180638 (S.D. Fla. Jan. 20, 2022). *Robertson* reasoned that "it is not clear that the fiduciary's duty to produce 'any' losses or profits comprehensively defines Plaintiff's right to sue for 'appropriate' relief." 2022 WL 2967710, at *10. *Holmes* reasoned that "[w]hile the arbitration agreement prohibits the recovery of some Plan-wide monetary relief, such relief is only available to those who bring a representative or class action" and because a class action can be waived in arbitration, "the concomitant waiver of remedies associated with class actions is also permissible." 2022 WL 180638, at *3.

Both cases predate the circuit courts' decisions in *Harrison* and *Henry* as well as the numerous district court decisions cited above.[2] And both cases ignore Justice Thomas's concurrence in *LaRue*, which stated that "[o]n their face, §§ 409(a) and 502(a)(2) permit recovery of *all* plan losses caused by a fiduciary breach." 552 U.S. at 261 (Thomas, J., concurring) (emphasis in original). *Robertson* and *Holmes* are unpersuasive because they failed to recognize that ERISA § 409(a) allows an individual plan participant to recover all losses to the plan.

---

[2] *See supra* pp. 3-4.

7
**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

This Court should follow the more recent district court decisions that have concluded that "[b]y restricting a participant's remedy to individual actions to recover losses to their individual accounts, the Class Action Waiver prohibits the plan-wide remedies expressly provided by § 1132(a)(2)." *Parker v. Tenneco Inc.*, 2023 WL 5350565, at *6 (E.D. Mich. Aug. 21, 2023). *See also, e.g., Coleman*, 2023 WL 4498506, at *17 (N.D. Tex. July 12, 2023) ("The Court agrees with the considered opinions of the Third Circuit, Seventh Circuit, and Tenth Circuit—this language would prevent Plaintiffs from obtaining at least some forms of relief they seek under ERISA § 409(a), particularly an order requiring Plan fiduciaries to 'make good to the Plan and/or any successor trust(s) the losses resulting from their breaches of ERISA and restore any profits they have made through the use of plan assets.'").

## CONCLUSION

Section 8.5(m) of the Plan provides that "[i]f any other provision of this arbitration provision (aside from the Class Action Waiver) is found impermissible or unenforceable, the arbitration process as mandated in this Section 8.5 is still required with the minimum change necessary to allow the arbitration requirement to be permissible and/or enforceable." Jones Decl., Exh. 1, § 8.5(m). Pursuant to this provision, Plaintiff respectfully requests that the Court sever Section 8.5(l)(2) of the Plan in its entirety and clarify that nothing in Section 8.5(l)(3) shall preclude Plaintiff from obtaining in arbitration the Plan-wide monetary and equitable relief that she seeks and that ERISA authorizes.

DATED:  April 29, 2024                           **HAYES PAWLENKO LLP**

                                                 /s/Kye D. Pawlenko
                                                 Attorneys for Plaintiff

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**