Sara Ehsani-Nia (SBN 326501)
sara.ehsaninia@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: 310.203.4000 | Facsimile: 310.229.1285

Kimberly A. Jones (*pro hac vice*)
kimberly.jones@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street, Suite 3300
Chicago, Illinois 60606-5707
Telephone: 312.569.1000 | Facsimile: 312.569.3000

Emily A. Kile-Maxwell (*pro hac vice*)
emily.kilemaxwell@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: 317.237.0300 | Facsimile: 317.237.1000

Attorneys for Defendant
TETRA TECH, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA YAGY, individually and as a representative of a class of participants and beneficiaries on behalf of the Tetra Tech, Inc. and Subsidiaries Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC.; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:24-cv-01394-JFW-AS<br><br>Hon. John F. Walter, District Judge<br>Hon. Alka Sagar, Magistrate Judge<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date: May 20, 2024<br>Time: 1:30 P.M.<br>Ctrm.: 7A<br><br>Complaint Filed: February 22, 2024 |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 1

    A. The Plan Requires Individual Arbitration. ............................................. 1

    B. The Plan's Class Action Waiver Is Not Severable. ............................... 4

III. CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Avecilla v. Live Nation Entertainment, Inc.*,
  Case No. CV 23-1943, 2023 WL 5354401 (C.D. Cal. Aug. 7, 2023) ............. 4, 6

*Coan v. Kaufman*,
  457 F.3d 250 (2d Cir. 2006) ....................................................................... 2

*Dorman v. Charles Schwab Corp.*,
  780 F. App'x 510 (9th Cir. 2019) .......................................................... 3, 4, 5, 6

*Epic Sys. Corp. v. Lewis*,
  584 U.S. 497 (2018) .................................................................................. 2, 5

*Lamps Plus, Inc. v. Varela*,
  587 U.S. 176 (2019) .................................................................................. 5

**Statutes, Rules & Regulations**

ERISA § 409, 29 U.S.C. § 1109 ..................................................................... 2, 3, 5

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .................................................. 2, 3, 4, 5

## I.    INTRODUCTION

Plaintiff Tamara Yagy's Response to Defendant Tetra Tech, Inc.'s Motion To Compel Arbitration ignores the plain language of the Tetra Tech, Inc. and Subsidiaries Retirement Plan ("Plan") and decades of Supreme Court precedent under the Federal Arbitration Act ("FAA"). The Plan document here unambiguously requires Yagy to arbitrate her claims on an individual basis, and nothing in ERISA requires that she be able to seek Plan-wide monetary relief. Yagy can seek every remedy in arbitration that ERISA permits her to seek on an individual basis. No more is required under the FAA to hold Yagy to the terms of the Plan. At a minimum, the Plan terms unequivocally state that the Class Action Waiver cannot be severed from the rest of the Plan's arbitration clause, so in the unlikely event that the Court finds the Class Action Waiver unenforceable, Yagy's claims must remain in this Court. Under no circumstance is Yagy entitled to arbitrate her claims on a Plan-wide basis.

Tetra Tech respectfully requests that the Court grant its Motion To Compel Arbitration, order Yagy to arbitrate her claims on an individual basis, and stay this action while arbitration is pending.

## II.    ARGUMENT

### A.    The Plan Requires Individual Arbitration.

Yagy's sole challenge to the Plan's arbitration provision is her claim that it violates the effective vindication doctrine, because it "impermissibly restrict[s] the statutory remedies available to [Yagy] in a non-class arbitration." Yagy's Memorandum of Law in Opposition to Motion to Compel Arbitration ("Opp.") at 2, ECF 26. But the Plan does no such thing, because Yagy can seek any remedy she is entitled to seek on an individual basis in arbitration. Nothing in ERISA *requires* that Yagy be permitted to seek plan-wide monetary relief, so the effective vindication doctrine does not apply.

Yagy filed suit under ERISA section 502(a)(2),[1] which authorizes suits for "appropriate relief" under ERISA section 409.[2] Section 409 authorizes courts to penalize plan fiduciaries for "any losses to [a] plan resulting from" a breach of fiduciary duty and award "other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." Sections 409 and 502(a)(2) are silent on the scope of permissible relief under section 502(a)(2) and certainly on whether a plan participant *must* be allowed to seek relief on a class-wide or plan-wide basis. In fact, the only specific remedy mentioned in Section 409 is "removal of [a] fiduciary," which the Plan clearly would allow Yagy to seek in individual arbitration, because the Plan allows the arbitrator to award "equitable, injunctive, and non-monetary relief" that Yagy is permitted to seek on an individual basis. Jones Decl. Ex. 1 § 8.5(l)(3), ECF 21-2.

The "absence of any specific statutory discussion of arbitration or class actions is an important and telling clue that Congress has not displaced the Arbitration Act." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 517 (2018). For that reason, the Supreme Court has rejected *every opportunity* it has ever had to hold a class action waiver in an arbitration clause unenforceable under the effective vindication doctrine, even when a statute "express[ly] provi[des] for collective legal actions." *Id.* at 516–17. If the effective vindication doctrine does not render a class action waiver unenforceable under the Fair Labor Standards Act, which expressly provides for collective actions, *id.* at 503, it cannot apply under ERISA, which is *silent* as to the scope of remedies that must be available under sections 502(a)(2) and 409. *See also, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006) ("ERISA does not specify the procedures that a plan participant must follow in order to bring suit on behalf of a benefit plan.").

---

[1] 29 U.S.C. § 1132(a)(2).
[2] 29 U.S.C. § 1109.

Yagy makes no attempt to reconcile her arguments with *Epic Systems* or any of the other Supreme Court precedent on this issue. Instead, she relies on out-of-circuit precedent that is inconsistent with the only Ninth Circuit opinion on this issue, *Dorman v. Charles Schwab Corp.* ("*Dorman II*"), 780 F. App'x 510 (9th Cir. 2019). Tetra Tech acknowledges that *Dorman II* is unpublished, but the holding in *Dorman II* is the only one that is consistent with *Epic Systems*. In *Dorman II*, the Ninth Circuit carefully examined ERISA sections 502(a)(2) and 409 and concluded that section 502(a)(2) claims "are inherently individualized when brought in the context of a defined contribution plan" like the Plan. *Dorman II*, 780 F. App'x at 514. Nothing in ERISA requires that participants be allowed to seek plan-wide relief, even if plan-wide relief is theoretically available under section 502(a)(2), just as nothing in the Fair Labor Standards Act requires that employees be allowed to bring collective actions, even if that procedure is theoretically available under the FLSA.

And it is untrue, as Yagy claims, that "*Dorman II* had no occasion to address whether ERISA requires that a plan participant be allowed to pursue plan-wide relief." Opp. at 4, ECF 26. Just as the Plan document does here, the plan document at issue in *Dorman II* required individual arbitration and prohibited class, collective, and representative actions. Reply Br. for Defs.-Appellants, *Dorman II*, No. 18-15281, 2019 WL 495878, at *18–19 (9th Cir. Feb. 4, 2019); *see also* Excerpts of Record, *Dorman II*, No. 18-15281, ECF 23-2 at 103 (ER117) (9th Cir Oct. 15, 2018). The participant in *Dorman II* expressly asked the Ninth Circuit to invalidate the plan's collective action waiver under the effective vindication doctrine. Resp. Br. for Pl.-Appellee, *Dorman II*, No. 18-15281, 2018 WL 6791762, at *28–29 (9th Cir. Dec. 14, 2018). The Ninth Circuit declined to do so for exactly the reason the *Dorman II* defendants argued, which is that a defined-contribution plan plaintiff's claims are "inherently individualized." *Dorman II*, 780 F. App'x at 514; *see also*

1  Reply Br. for Defs.-Appellants, *Dorman II*, No. 18-15281, 2019 WL 495878, at
2  *25–28 (9th Cir. Feb. 4, 2019).

3  Yagy also mischaracterizes *Avecilla v. Live Nation Entertainment, Inc.*, Case
4  No. CV 23-1943, 2023 WL 5354401 (C.D. Cal. Aug. 7, 2023), in which this Court
5  applied ***exactly the same language*** and ordered exactly the same outcome Tetra
6  Tech is arguing for here: arbitration on an individual basis, seeking only the
7  remedies that a participant is permitted to obtain on an individual basis under
8  ERISA section 502(a)(2). *Id.* at *5. Nothing in *Avecilla* indicates that this Court
9  contemplated the plaintiff being permitted to seek plan-wide *monetary* relief in
10 arbitration. In fact, this Court explicitly recognized that the arbitrator's authority to
11 award plan-wide relief was limited to "equitable, injunctive, and *non-monetary*
12 relief." *Id.* at *5 n.5 (emphasis added).

13 *Dorman II* and *Avecilla* were correctly decided, and this Court should follow
14 them. Plaintiffs' out-of-circuit cases simply cannot be squared with *Epic Systems*
15 and the Ninth Circuit's application of *Epic Systems* in *Dorman II*.

16 **B.   The Plan's Class Action Waiver Is Not Severable.**

17 Yagy acknowledges that the severability clause in the Plan's arbitration
18 provision does <u>not</u> apply to the Class Action Waiver, section 8.5(l)(5). Opp. at 8,
19 ECF 26 (Conclusion); *see also* Jones Decl. Ex. 1 § 8.5(l)(5), ECF 21-2. The Class
20 Action Waiver provides that "[e]very actual or purported participant, beneficiary,
21 assignee, agent, and representative waives the right to commence, be a party to, or
22 be an actual or putative class member of any class, collective or representative
23 action arising out of or relating to the Plan." Jones Decl. Ex. 1 § 8.5(l)(5), ECF 21-
24 2. If there were any doubt, the Plan reiterates the individual arbitration in ***eight*** other
25 places. Motion to Compel Arbitration at 7–8, ECF 21 (cataloging Plan language).
26 And most of those sections in the Class Action Waiver expressly limit any award
27 of monetary relief to the individual's account:

28

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL ARBITRATION
- 4 -
CASE NO. 2:24-cv-01394-JFW-AS

- "The Arbitrator(s) shall have the authority to award monetary relief solely with respect to any alleged monetary losses in the individual Claimant's individual defined contribution account under the Plan and may not award monetary relief to or for the benefit of any other participants or beneficiaries." Jones Decl. Ex. 1 § 8.5(l)(2)), ECF 21-2.

- "With respect to any claim brought under ERISA § 502(a)(2) and/or ERISA § 409, a Claimant may obtain losses to the Plan measured by the alleged monetary losses to the individual Claimant's individual defined contribution account." *Id.*

- "The Claimant waives, forfeits, and forever relinquishes the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account." *Id.*

Moreover, the Supreme Court has repeatedly and unequivocally held that courts may not compel class arbitration in the absence of express consent to class arbitration. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019); *Epic Sys. Corp.*, 584 U.S. at 509. Here, the Plan explicitly and repeatedly **did not consent** to class, collective, or representative arbitration, and Plaintiff's request to seek Plan-wide remedies on behalf of the Plan and other participants is certainly a request for class, collective, or representative arbitration. *See Dorman II*, 780 F. App'x at 514. Yagy's request that the Court effectively sever the Class Action Waiver anyway and allow Yagy to seek Plan-wide remedies in arbitration cannot be squared with the Supreme Court's clear mandate prohibiting class arbitration without all parties' consent. *See id.* (reaffirming that "[n]o party can be compelled under the FAA to arbitrate on a class-wide or collective basis unless it agrees to do so by contract"). That Yagy does not even attempt to reconcile her request with *Lamps Plus* and *Epic Systems* is extraordinarily telling. Nor is Yagy's request permitted under the Plan

1 terms, which state that if the Class Action Waiver is found unenforceable, the claim must be adjudicated in this Court. Jones Decl. Ex. 1 §§ 8.5(l)(6), (m), ECF 21-2.

Therefore, in the unlikely event that this Court disagrees with *Dorman II* and *Avecilla* and finds the Class Action Waiver unenforceable, the Court may not compel class arbitration or any arbitration that would allow Yagy to seek monetary relief beyond the value of her individual account, and Yagy's Complaint must remain in this Court.

### III.   CONCLUSION

Tetra Tech respectfully requests that the Court compel Yagy to arbitrate her claims on an individual basis in accordance with the Plan's plain language and stay this action in the interim.

Dated: May 6, 2024

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Sara Ehsani-Nia*
Sara Ehsani-Nia
Kimberly A. Jones (*pro hac vice*)
Emily A. Kile-Maxwell (*pro hac vice*)

Attorneys for Defendant
TETRA TECH, INC.